UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 25-03897-RGK (DFM) | Date: | May 29, 2025 |
|---|---|---|---|
| Title | Jarrod Boxie v. J. Tuggle | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Court Reporter |
| Deputy Clerk | Not Present |
| Attorney(s) for Petitioner(s): | Attorney(s) for Respondent(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

On April 20, 2025, Petitioner Jarrod Boxie, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. See Dkt. 1 ("Petition").[1]

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Under this rule, district courts may "consider, sua sponte, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 209 (2006). "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Id. For the reasons set forth below, Petitioner is ordered to show cause why the Petition should not be dismissed.

I. BACKGROUND

In May 2016, a jury convicted Petitioner of second-degree murder and possession of a firearm by a felon. See Petition at 2; People v. Boxie, No. B279023, 2018 WL 1101285, at *1 (Cal. Ct. App. Mar. 1, 2018). He was sentenced to 40 years to life in state prison. See Boxie, 2018 WL 1101285, at *1.

---

[1] Under the "mailbox rule," a pro se prisoner's habeas petition is constructively filed when he gives it to prison authorities for mailing to the court clerk. See Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

On April 9, 2018, the California Court of Appeal affirmed the judgment of conviction. See id. On June 27, 2018, the California Supreme Court denied review. See Petition at 3; California Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (Search by Case No. "S248676") (last accessed May 28, 2025). Following the California Supreme Court's denial of review, Petitioner did not file a petition for writ of certiorari with the United States Supreme Court or any state habeas petitions. See Petition at 3, 5.

On an unspecified date, Petitioner filed a post-conviction discovery motion under California Penal Code § 1054.9 with the Los Angeles County Superior Court. See id. at 11. On February 17, 2023, the trial court denied Petitioner's discovery motion. See id. Petitioner challenged the trial court's denial by filing a petition for writ of mandate in the California Court of Appeal. See id. On April 24, 2024, the California Court of Appeal granted in part and denied in part Petitioner's petition for writ of mandate. See id. at 24-29. On July 10, 2024, the California Supreme Court denied review of Petitioner's petition for writ of mandate. See California Appellate Courts Case Information, supra (Search by Case No. "S285133") (last accessed May 28, 2025).

In the instant Petition, Petitioner appears to challenge both his conviction and the state court's denial of certain post-conviction discovery. Specifically, Petitioner argues that: (1) the state court's denial of post-conviction discovery violated his rights under the Fourteenth Amendment because such discovery was material and should have been disclosed under Brady v. Maryland, 373 U.S. 83 (1963); and (2) the state prosecutor's failure to preserve and disclose certain evidence before or during trial violated his due process rights under Brady and California v. Trombetta, 467 U.S. 479 (1994). See Petition at 15-21.

Petitioner requests this Court: (1) order an evidentiary hearing; (2) issue an order reversing his conviction on federal due process grounds; and/or (3) issue an order remanding the matter back to the trial court with discretion to either initiate proceedings to retry Petitioner or release Petitioner. See id. at 22.

**II.   DISCUSSION**

A.   Exhaustion

Petitioner alleges he raised the grounds in the Petition to the California Supreme Court. See Petition at 5. However, based on state-court records, it appears that he did not raise these grounds in his state-court appeal but rather different ones, namely, that the trial court erred in: (1) not ordering the disclosure of the identity of a confidential informant; (2) denying his motion for a new trial; and (3) staying a gang enhancement. Boxie, 2018 WL 1704121, at *1; Petition at 3 (noting same claims raised in petition for review with California Supreme Court). Furthermore, Petitioner has not filed any habeas petitions with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

the California Supreme Court. See Petition at 3; see also California Appellate Courts Case Information, supra (Search "Jarrod Boxie") (last accessed May 28, 2025).

As related above, Petitioner challenged the denial of post-conviction discovery in a state court petition for writ of mandate. See Petition at 10-11. However, it does not appear that Petitioner raised any federal constitutional claims in his petition for mandate; instead, he sought discovery under California Penal Code § 1054.9. See Petition at 11, 24-29. In any event, a petition for writ of mandate "is not a procedure likely to be utilized to review the merits of an action in habeas corpus." Goff v. Salinas, No. 11-3410, 2013 WL 425330, at *2 n.2 (E.D. Cal. Feb. 1, 2013). As another district court explained:

> Petitioner should have brought his federal constitutional claims before the California Supreme Court in order to exhaust those claims in state court . . .The California Supreme Court's denial of his petition for writ of mandate is not equivalent to a denial of a petition for writ of habeas corpus. For example, in denying the mandamus petition, the state supreme court did not consider the merits of Petitioner's federal claims, as it would have if Petitioner had filed those claims in a state habeas petition.

Saldana v. Spearman, No. 13-2773, 2014 WL 4761596, at *4 (N.D. Cal. Sept. 24, 2014). Thus, Petitioner's filing of petition for review with the California Supreme Court regarding the appellate court's denial of his mandamus petition under California Penal Code § 1054.9 does not exhaust his claims.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, see Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, see Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). A claim has not been fairly presented unless the prisoner has described in the state-court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte. See Stone v. City and Cnty. of S.F., 968 F.2d 850, 855-56 (9th Cir. 1992). The petitioner has the burden of demonstrating he has exhausted available state remedies. See Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam).

Here, it appears that Petitioner has not presented his current federal constitutional claims either to the California Court of Appeal or to the California Supreme Court, and so the Petition is subject to dismissal. See Coleman v. Thompson, 501 U.S. 722, 731 (1991)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

(explaining that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims").

B.  Cognizability

As noted above, the Court does not interpret the Petition's first ground as raising a traditional Brady claim against the prosecutor, i.e., arguing that Petitioner's conviction should be overturned because the prosecutor failed to disclose certain evidence during Petitioner's trial. Rather, Petitioner appears to be claiming that the state court erred in denying his petition for writ of mandate because discovery of certain video surveillance footage was required under Brady. See, e.g., Petition at 10 ("Petitioner contends that the State Court decision to deny Petitioner's post-conviction discovery violated Petitioner's Fourteenth Amendment Due Process right to a fair trial in light of Brady v. Maryland and related line of cases.").

"[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); see also Cooper v. Neven, 641 F.3d 322, 331 (9th Cir. 2011) (finding alleged Fifth and Fourteenth Amendment due process violations stemming from the state trial court's failure to conduct an in-camera inspection of prosecutor's trial file during a post-conviction evidentiary hearing were not cognizable on federal habeas review). Accordingly, "whatever [Petitioner's] remedy may be for asserted errors of constitutional dimension in his state post-conviction proceeding, it is not under [28 U.S.C.] § 2254." Enno v. Blades, 357 F. App'x 754, 756 (9th Cir. 2009) (Tashima, J., concurring).

Moreover, due process principles that underlie Brady do not apply in the same way after a defendant's conviction becomes final. In District Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 68 (2009), the United States Supreme Court characterized Brady as holding that "due process requires a prosecutor to disclose material exculpatory evidence to the defendant before trial" and overruled Ninth Circuit cases applying Brady post-conviction. There, the Supreme Court made clear that "Brady is the wrong framework" for considering whether a habeas petitioner has a constitutional right to discovery post-conviction. Id. at 68. Therefore, Petitioner's claims arising from the state court's denial of post-conviction discovery do not appear to raise a cognizable federal due process claim. See Stevenson v. Los Angeles Superior Court, No. 19-4622, 2019 WL 2437001, at *4 (C.D. Cal. June 10, 2019) (reaching same conclusion).

C.  Timeliness

To the extent Petitioner faults the state prosecutor for failing to preserve and disclose certain surveillance video evidence before or during his trial, § 2244(d)(1) appears to bar this claim. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). Ordinarily, the limitation period runs from the date on which the petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Id.

The California Supreme Court denied Petitioner's petition for review on June 27, 2018. Thus, his conviction became final 90 days later, on September 25, 2018. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Petitioner had one year from this date, or until September 25, 2019, to file a timely habeas corpus petition in this Court. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001). Petitioner did not file the instant action until April 2025. The Petition is thus facially untimely.

Petitioner has not alleged he is entitled to a delayed start of the limitation period because of an unconstitutional state action, a newly recognized constitutional right, or later discovery of the factual predicate of his claim. See 28 U.S.C. § 2244(d)(1)(B)-(D). Moreover, "[a] habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

As noted above, Petitioner did not file any habeas petitions in state court. Moreover, discovery motions "[do] not statutorily toll the limitations period." Ramirez v. Yates, 571 F.3d 993, 1000 (9th Cir. 2009). "If a prisoner believes he is entitled to discovery in aid of a state or federal collateral attack, his remedy is to seek such relief from the court where a properly filed and timely collateral attack on his conviction is pending." Hodge v. Greiner, 269 F.3d 104, 107 (2d Cir. 2001). Accordingly, it does not appear that Petitioner's limitations period was statutorily tolled.

In addition to the statutory tolling provided for by § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). Petitioner offers no explanation for his failure to file a habeas petition in a timely manner or contend that he took any action before the AEDPA limitation period expired. Petitioner is thus not currently entitled to equitable tolling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

### III.     CONCLUSION

**Petitioner is therefore ORDERED TO SHOW CAUSE in writing no later than twenty-eight (28) days from the date of this Order why this action should not be dismissed (1) as unexhausted; (2) for failure to state a cognizable habeas claim; and/or (3) as untimely under the statute of limitations.**

In the alternative, Petitioner may instead request a voluntary dismissal of this action under Federal Rule of Civil Procedure 41(a). The Clerk of the Court has attached a Notice of Dismissal form.

**Petitioner is warned that his failure to timely respond to this Order will result in the Court dismissing this action with prejudice as untimely and for failure to prosecute. See Fed. R. Civ. P. 41(b).**